IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

TERESA E. BOYLE,

        Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 16-CV-695-CVE-FHM

## **REPORT AND RECOMMENDATION**

Plaintiff, Teresa E. Boyle, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## **Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's March 7, 2014, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") James Stewart was held July 8, 2015. By decision dated September 15, 2015, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 23, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 46 years old on the date of alleged onset of disability and 50 at the time of the ALJ's denial decision She has a high school education and formerly worked as file/office clerk and customer service representative. She claims to have been unable to work since November 29, 2012 as a result of lumbago, stage III kidney disease, obesity, hearing deficit on the left, depression, anxiety, post traumatic stress disorder (PTSD), and substance abuse in remission.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work with some additional limitations. Stooping and crouching is limited to occasional. She cannot be exposed to elevated levels of background noise or be exposed to unprotected heights, open flames, dangerous moving machinery, or hazardous conditions, and cannot be exposed to elevated levels of environmental irritants. Due to mental impairments, she is limited to unskilled work consisting of simple and routine tasks that require only that she be able to understand, remember, and carry out simple

instructions under routine supervision. She is limited to occasional contact with coworkers and no contact with the general public.

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in that he failed to fully develop the record in regard to her mental impairments; he failed to properly assess the effect of mental stress on Plaintiff's ability to perform sustained work activity; and failed to properly evaluate her credibility.[2]

## **Analysis**

### Development of the Record

Plaintiff underwent two consultative mental examinations. On May 25, 2011, before the alleged date of onset of disability, Plaintiff was evaluated by Johna Kay Smasal, Ph.D. who opined that in a work environment Plaintiff would likely have difficulty concentrating,

---

[2] Plaintiff listed the ALJ's credibility finding as a point of error, but did not address the credibility evaluation in the text of the brief. It is appropriate to view an issue as waived where, as here, the Plaintiff fails to present a developed argument to the court. *Wall v. Astrue*, 561 F.3d 1048, 1066-1067 (10th Cir. 2009).

3

learning new skills, socially interacting, and receiving information.[3]  [R. 536].  On May 1, 2014, Plaintiff was evaluated by Nancy F. Barton, Ph.D.  Dr. Barton said:

> Based on my limited time with [Ms. Boyle] it is likely she is able to perform some work-related mental activities, such as ability to understand and socially interact.  However, she may experience difficulty with remembering, concentration, persisting with difficult tasks, socially interacting and adapting to the demands of a work environment.

[R. 731].  At the hearing before the ALJ, Plaintiff's counsel pointed out the quoted language from Dr. Barton's opinion.  The ALJ expressed his opinion that the term "difficulty" is vague and does not signify that Plaintiff is unable to perform those tasks.  [R. 192].  In the denial decision the ALJ repeated his assessment of the problems with the term "difficulty" in those opinions.  [R. 166, 167].  The ALJ construed the term difficulty to mean a moderate limitation which is not inconsistent with the ability in the RFC to perform simple routine work on a sustained basis.  [R. 166, 167-168].  The ALJ found the opinions of Drs. Smasal and Barton were inconsistent with their own evaluations and inconsistent with the evidence as a whole.  The ALJ stated he gave "little weight" to these opinions due to the inconsistencies.  [R. 166, 167].

Plaintiff argues that the ALJ erred in rejecting the consultative examiners' opinions without further developing the record by seeking explanation from the examiners about what they meant by using the term "difficulty."  Plaintiff asserts that the ALJ's conclusion that difficulty equates to moderate is arbitrary and constitutes speculation on the ALJ's part.  The undersigned finds no error in the ALJ's interpretation of the consultative examiners'

---

[3]  The 2011 evaluation was performed in connection with an earlier (January 7, 2011) disability application which was denied on November 28, 2012 and not re-opened by the ALJ in this case.  [R. 158].

4

reports, in his treatment of them, or in his failure to further develop the record. The ALJ unmistakably stated he afforded "little weight" to the opinions, not because of any uncertainty about the meaning of the term "difficulty," but because the opinions were inconsistent with the doctors' own findings and inconsistent with the evidence as a whole. [R. 166, 167]. The ALJ's rationale for the weight he afforded these opinions is supported by substantial evidence. The undersigned finds that neither of the examiners' reports can be read as finding that Plaintiff was incapable of performing mental work activity. In addition, the ALJ's RFC finding is entirely consistent with the limitations expressed by the mental consultative examination reports. The ALJ found:

> Due to severe mental impairments, the claimant is limited to unskilled work consisting of simple and routine tasks with routine supervision that require only that she be able to understand, remember and carry out simple instructions, and with only occasional contact with coworkers and no contact with the general public. Routine is defined here as jobs where changes in daily work activities would occur infrequently, and where workers would be given time to adjust commensurate with the requirements of simple unskilled work.

[R. 164].

## Mental Stress and Work Activity

Plaintiff states:

> The ALJ placed emphasis in his decision on the fact that the plaintiff's mental health counselor mentioned that the plaintiff's mood and anxiety might improve with "low stress employment". TR 172. [sic].

[Dkt. 16, p. 6]. The undersigned does not read the ALJ's decision as placing particular emphasis on this comment. The ALJ merely mentioned this observation in the course of summarizing the many factors that support the RFC finding. [R. 170-171].

5

The undersigned finds that the ALJ was specific in his definition of what is included in the performance of simple and routine tasks. [R. 164]. Further, the ALJ was very specific in explaining which RFC limitations were related to Plaintiff's limitations and that the ability to perform such work was supported by the numerous mental status exams in the record and by Plaintiff's activities. [R. 164, 171]. The undersigned finds that the ALJ RFC finding is supported by substantial evidence in the record.

### **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before September 13, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 30th day of August, 2017.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE