UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| TERESA E. BOYLE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 16-CV-0695-CVE-FHM |
|  | ) |  |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of | ) |  |
| Social Security Administration, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION AND ORDER**

Now before the Court is the Report and Recommendation (Dkt. # 20) of Magistrate Judge Frank H. McCarthy recommending that the Court affirm the decision of the Commissioner of the Social Security Administration to deny plaintiff Teresa E. Boyle's claim for disability benefits. Plaintiff has filed an objection to the report and recommendation (Dkt. # 21), and she argues that the case should be reversed and remanded to allow the administrative law judge (ALJ) to resolve conflicting or ambiguous findings by two psychologists.

**I.**

On March 7, 2014, plaintiff applied for disability benefits, claiming that she was unable to work due to a back injury, anxiety, and depression. Dkt. # 14-5, at 2. Plaintiff's claim was denied initially and upon reconsideration. Dkt. # 14-4, at 7-8; id. at 17-18. Plaintiff requested a hearing before an ALJ, and a hearing was set for July 8, 2015. Id. at 36. Plaintiff appeared at the hearing and she was represented by counsel.

The ALJ issued a written decision denying plaintiff's claim for disability benefits. Id. at 159-174. Plaintiff had not engaged in any substantial gainful activity since November 29, 2012, and she

had the severe impairments of stage III kidney disease, lumbago, obesity, hearing deficit, major depressive disorder, post-traumatic stress disorder, and general anxiety disorder. Id. at 162. However, none of these impairments or combination of impairments met or equaled the severity of a listed impairment in 20 C.F.R. Part 404, Subpart P. Id. at 163. The ALJ found that plaintiff had moderate difficulties with activities of daily living, social functioning, and with regard to concentration, persistence, or pace, but plaintiff did not have at least two "marked" limitations as required for the "paragraph B" or "paragraph C" criteria. Id. at 164. The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work with certain restrictions. Id. at 165.

Relevant to plaintiff's objection, the ALJ found that the following limitations were appropriate as to plaintiff's mental impairments:

> Due to severe mental impairments, the claimant is limited to unskilled work consisting of simple and routine tasks with routine supervision that require only that she be able to understand, remember and carry out simple instructions, and with only occasional contact with coworkers and no contact with the general public. Routine is defined here as jobs where changes in daily work activities would occur infrequently, and where workers would be given time to adjust commensurate with the requirements of simple unskilled work.

Id. at 165. The administrative record contains evidence that plaintiff underwent psychological consultative evaluations on May 25, 2011 and May 1, 2014. Plaintiff was examined by Johna Smasal, Ph. D., on May 25, 2011, who reported that plaintiff had "would likely have difficulty concentrating, learning new skills, socially interacting, and recalling information." Dkt. # 14-7, at 57. The ALJ gave little weight to Dr. Smasal's opinion, because the term "difficult" is ambiguous in terms of vocational restrictions and Dr. Smasal's opinion is inconsistent with the evidence as a

2

whole. Dkt. # 14-2, at 167. Nancy Barton, Ph. D., examined plaintiff on May 1, 2014, and stated that:

> Based on my limited time with Ms. Tiffey[1] it is likely she is able to perform some work-related mental activities, such as ability to understand and socially interact. However, she may experience difficulty with remembering, concentration, persisting with difficult tasks, socially interacting and adapting to the demands of a work environment.

Dkt. # 14-7, at 252. The ALJ gave little weight to Dr. Barton's opinion because it is inconsistent with other aspects of Dr. Barton's mental health evaluation and is vague as to work-related restrictions. Dkt. # 14-2, at 168. The ALJ construed the term "difficult" as used by Dr. Smasal and Dr. Barton to correlate with "moderate" limitations, and he found that plaintiff could perform routine work on a sustained basis. Id. at 169.

The ALJ determined that plaintiff could not perform her past relevant work, but he found that plaintiff was not disabled because there were jobs in sufficient numbers in the national economy that plaintiff could perform with her RFC. Id. at 173. The Appeals Council denied plaintiff's request for review of the ALJ's decision. Id. at 2. Plaintiff filed this case seeking judicial review of the Commissioner's decision denying plaintiff's claim for disability benefits. The matter was referred to a magistrate judge for a report and recommendation. Plaintiff filed an opening brief arguing that the ALJ failed to fully develop the record as to plaintiff's mental health impairments and that the

---

[1] Plaintiff married while her disability claim was pending and her last name changed from Tiffey to Boyle. Id. at 183.

ALJ failed to consider the effect of anxiety on plaintiff's ability to perform sustained work.[2]  Dkt. # 16.  The magistrate judge considered both of plaintiff's arguments and stated that the ALJ's decision was supported by substantial evidence, and he recommends that the Commissioner's decision to deny plaintiff's claim for disability benefits be affirmed.  Dkt. # 20.

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation.  However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation.  Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999).  The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part.  Fed. R. Civ. P. 72(b).

**III.**

Plaintiff objects to the magistrate judge's report and recommendation on the ground that the ALJ failed to develop the record as to plaintiff's mental restrictions, because there was vague or conflicting evidence as to plaintiff's ability to concentrate, interact with others, and perform difficult

---

[2]  Plaintiff's opening brief listed a third issue concerning the ALJ's credibility analysis, but this argument was not discussed in the body of plaintiff's brief.  See Dkt. # 16, at 1.  The magistrate judge found that this issue was waived due to plaintiff's failure to develop her argument, and plaintiff has not objected to this aspect of the report and recommendation. Dkt. # 20, at 3 n.2.

4

tasks.³ Dkt. # 21. The Commissioner responds that the record was sufficiently developed for the ALJ to make a decision as to plaintiff's mental restrictions, and there was no need for the ALJ to re-contact Dr. Smasal or Dr. Barton. Dkt. # 22.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id*. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. *See Id.* Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. *See Id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step five of the analysis, finding that sufficient jobs existed in the national economy to allow plaintiff to work. At step five, the ALJ must consider a claimant's RFC, age, education, and work experience to determine if other work exists that a claimant is able to perform. Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988). If the claimant can adjust to work outside of her past relevant work, the ALJ shall enter a finding that the claimant is not disabled. 42 U.S.C. § 423(d)(2)(A). However, the ALJ

---

3   Plaintiff has not objected to the magistrate judge's recommendation concerning plaintiff's argument that the ALJ failed to consider the effect of stress or anxiety on plaintiff's ability to work, and this argument is deemed waived under the firm waiver rule. Morales-Fernandez v. INS, 418 F. 3d 1116, 1119 (10th Cir. 2005) (Tenth Circuit has adopted a firm waiver rule and any issue not specifically raised in an objection to a report and recommendation is waived).

must find that a claimant is disabled if insufficient work exists in the national economy for an individual with the claimant's RFC. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010). The Commissioner bears the burden to present sufficient evidence to support a finding of not disabled at step five of the review process. Emory v. Sullivan, 936 F.2d 1092, 1094 (10th Cir. 1991).

The ALJ issued a written decision that was reviewed by the Appeals Council, which is a final decision by an administrative agency. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff argues that the consultative examinations by Dr. Smasal and Dr. Barton were vague or conflicting as to the severity of plaintiff's mental restrictions, and she claims that the ALJ was obligated to recontact Dr. Smasal and Dr. Barton in order to further develop the record. Plaintiff relies on Maes v. Astrue, 522 F. 3d 1093 (10th Cir. 2008), for the proposition that an "ALJ generally must recontact the claimant's medical sources for additional information when the record evidence is inadequate to determine whether the claimant is disabled." Id. at 1097. However, the regulations cited by the Tenth Circuit in Maes have subsequently been amended, and a new regulation has been

added giving the ALJ greater flexibility in resolving inconsistencies or inadequacies in the administrative record. The ALJ has the option to recontact a medical provider, request additional evidence, or order that the claimant undergo a consultative examination in order to resolve an inconsistency in the evidence, but none of these steps is required if the ALJ determines that the ALJ can make a finding as to the claimant's disability based on the evidence in the administrative record. 20 C.F.R. § 404.1520b(b).

Plaintiff's argument regarding the ALJ's treatment of Dr. Smasal's and Dr. Barton's opinions concerning her mental limitations is not a basis to reverse the Commissioner's decision. The ALJ noted that the language used by Dr. Smasal and Dr. Barton was somewhat vague as to the workplace restrictions that would result from plaintiff's "difficulty" concentrating, interacting with others, and completing difficult tasks. Dkt. # 14-2, at 166-67. The ALJ considered the entirety of Dr. Smasal's and Dr. Barton's consultative examinations of plaintiff, and found that the objective findings from the examinations did not support their conclusions as to plaintiff's mental limitations. In any event, the ALJ found that plaintiff had severe mental impairments and included a limitation in plaintiff's RFC that she be "limited to unskilled work consisting of simple and routine tasks with routine supervision that require only the ability to understand, remember and carry out simple instructions, and with only occasional contact with coworkers . . . ." Id. at 165. Even assuming that the evidence cited by plaintiff was vague or ambiguous, the ALJ relied on the objective findings of Dr. Smasal and Dr. Barton and included significant restrictions in the RFC as to plaintiff's concentration, ability to interact with others, and difficulty completing difficult tasks. The ALJ actually rejected some of the opinions of psychologists from a state agency that plaintiff could perform complex tasks, and there was other medical evidence in the administrative record supporting less severe mental

7

restrictions than the ones included in the RFC. Id. at 172. The Court finds that ALJ had sufficient evidence in the administrative record to make a disability determination without recontacting Dr. Smasal or Dr. Barton, and the ALJ's findings as to plaintiff's mental limitations are supported by substantial evidence,

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 20) is **accepted**, and the decision of the Commissioner to deny plaintiff's claim for disability benefits is **affirmed**. A separate judgment is entered herewith.

**DATED** this 2nd day of October, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE